# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-5083

**Case Name** Helmann, et al. v. Palestinian Youth Movement, et al.

**Counsel submitting this form** Mark L. Javitch (CA SBN 323729), Javitch Law Office, 3 East 3rd Ave., Suite 200, San Mateo, CA 94401; (650) 781-8000; mark@javitchlawoffice.com

**Represented party/parties** Plaintiff-Appellant Ronen Helmann

*Briefly describe the dispute that gave rise to this lawsuit.*

On June 23, 2024, demonstrators organized and promoted by CodePink and the Palestinian Youth Movement gathered outside Adas Torah, an Orthodox synagogue in the Pico-Robertson neighborhood of Los Angeles, and blocked access to its entrances while congregants attempted to attend Sunday morning services and a scheduled event. Plaintiff Ronen Helmann, a congregant, alleges that he was obstructed from entering the synagogue and that the blockade was accompanied by threats and violence. Plaintiff alleges that before the blockade the Palestinian Youth Movement published a mobilization post identifying the synagogue's address and directing supporters to arrive at a specified time, and that CodePink published a post depicting the synagogue's address within an inverted red triangle. Plaintiff sued under the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248, which prohibits the use of force, threats of force, or physical obstruction to interfere with a person's exercise of First Amendment religious freedom at a place of religious worship, along with related claims.

*Briefly describe the result below and the main issues on appeal.*

The district court dismissed Plaintiff's claims against the Palestinian Youth Movement, Remo Ibrahim, and Courtney Lenna Schirf with prejudice, holding that the challenged statements were not true threats and that the organizational and individual defendants were not otherwise liable for the conduct at the synagogue. The court separately denied CodePink's motion to dismiss. Plaintiff's remaining claims against the CodePink defendants were later dismissed with prejudice, and the district court entered final judgment on July 30, 2026.

The main issues on appeal are: (1) whether the district court erred in holding that the mobilization post was not a true threat and in its application of the governing objective standard; (2) whether the court failed to address Plaintiff's independent theory that defendants violated § 248(a)(2) by physical obstruction and by attempting to obstruct access to a place of religious worship, irrespective of any threat; (3) whether the court erred in rejecting organizational liability for the Palestinian Youth Movement based on its own conduct in organizing and promoting the blockade; (4) whether the court erred in dismissing the individual defendants; and (5) whether the court abused its discretion in denying further leave to amend and dismissing with prejudice.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No proceedings remain in the district court. The judgment entered July 30, 2026 resolves all claims against all parties.

Plaintiff previously filed a protective notice of appeal in this action, docketed as No. 26-3604. This Court issued an order to show cause in that appeal regarding appellate jurisdiction under Galaza v. Wolf, 954 F.3d 1267 (9th Cir. 2020), and Plaintiff requested that the appeal be held in abeyance pending the district court's ruling on a Rule 60(b) motion. That order to show cause remains pending. Plaintiff cured the identified defect in the district court, which set aside the earlier without-prejudice dismissal of the CodePink defendants, dismissed those claims with prejudice, and entered final judgment. Plaintiff has notified this Court of the entry of final judgment, has requested that the order to show cause be discharged, and intends to move to consolidate this appeal with No. 26-3604.

A related action arising from the same June 23, 2024 events, StandWithUs Center for Legal Justice v. CodePink Women for Peace, No. 2:24-cv-06253-SVW-PVC, was assigned to the same district judge.

**Signature** s/ Mark L. Javitch **Date** August 17, 2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*